IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| TAMARA WELLS, §<br>ON BEHALF OF HERSELF AND ALL §<br>SIMILARLY SITUATED EMPLOYEES, §<br> §<br>PLAINTIFFS, §<br>vs. §<br> §<br>LTC DELIVERY, LLC, §<br>LAURA GOAD, AND MARK GOAD, §<br>MEDICINE CHEST INSTITUTIONAL §<br>PHARMACY, LLC, §<br> §<br>DEFENDANTS. § | NO. 3:23-cv-2384<br><br>JURY DEMAND |

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Tamara Wells on behalf of herself and all similarly situated employees ("Plaintiff"), and for her Original Complaint ("Complaint") against Defendants LTC Deliver, LLC d/b/a The Delivery Service, Lauar Goad, Mark Goad, and Medicine Chest Institutional Pharmacy, LLC, ("Defendants"), states and alleges as follows:

### INTRODUCTION

1. Defendants improperly classified Plaintiff Tamara Wells and other similarly situated workers as independent contractors. Defendants further failed to pay Plaintiff at least minimum wage for all hours worked and an overtime premium for those hours worked in excess of forty in a workweek.

2. Defendants' conduct violates the Fair Labor Standards Act ("FLSA") and the Texas Labor Code, which requires non-exempt employees to be compensated for at least minimum wage for all hours worked and one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a workweek. *See* U.S.C. §207(a) and Texas Labor Code §62.051.

3. On behalf of herself and all other similarly situated employees, Plaintiffs bring this lawsuit as a collective action under the FLSA, 29 U.S.C. §216(b) and a class action under Rule

23 of the Federal Rules of Civil Procedure. Members of the collective action and class action are referred to hereinafter as the "Plaintiff Class Members."

4. This is an action brought by Plaintiff against Defendants for violations of the minimum wage provisions of the Texas Labor Code §62.051 and the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

5. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs.

## JURISDICTION AND VENUE

6. The United States District Court for the Northern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA 29 U.S.C. §216(b).

7. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Northern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Moreover, jurisdiction and venue are also proper where all Defendants engaged in daily business activities in Texas and in this District.

## THE PARTIES

9. Plaintiff Tamara Wells is an individual and resident of Wood County, Texas.

10. The Plaintiff Class Members are all current and former independent contractors throughout the State of Texas that worked for Defendants during the three-year period before the filing of this Complaint.

11. Defendant LTC Delivery, LLC, d/b/a The Delivery Service is a for profit, limited liability company incorporated in the state of Texas that is doing business in Dallas County, Texas. Defendant LTC Delivery can be served by serving its registered agent United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, Texas 78717.

12. Defendant Laura Goad is an individual resident of Texas who can be served at 2901 Club Meadow Dr., Garland, Texas 75043. Defendant Laura Goad operates Defendant LTC

Delivery, LLC, d/b/a The Delivery Service in Dallas County, Texas. Defendant Goad is a manager, officer, and owner of Defendant LTC Delivery, LLC, d/b/a The Delivery Service.

13. Defendant Mark Goad is an individual resident of Texas who can be served at 2901 Club Meadow Dr., Garland, Texas 75043. Defendant Mark Goad operates Defendant LTC Delivery, LLC, d/b/a The Delivery Service in Dallas County, Texas. Defendant Goad is a manager, officer, and owner of Defendant LTC Delivery, LLC, d/b/a The Delivery Service.

14. Defendant Medicine Chest Institutional Pharmacy, LLC, is a for profit limited liability company organized in Texas, with its headquarters and principal place of business in Tyler, Texas and can be served with process by serving its Registered Agent, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## COVERAGE

15. At all material times, Defendants have been an employer within the meaning of 29 U.S.C. §203(d).

16. At all material times Defendants have been an enterprise within the meaning of 29 U.S.C. §203(r).

17. At all material times, Defendants have an annual gross business volume of not less than $500,000.

18. At all material times, Plaintiffs and Plaintiff Class Members were individual employees who engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §207.

## FACTUAL ALLEGATIONS

19. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint as if fully set forth in this section.

20. At all times material herein, Plaintiff and Plaintiff Class Members have been entitled to the rights, protections, and benefits provided under the FLSA.

21. At all times material herein, Defendants have jointly acted, directly and indirectly, in the interest of an employer with respect to Plaintiff and the putative collective and class members.

22. At all times material herein, Defendants have individually and jointly been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

23. Defendants had Plaintiff Wells perform work as an independent contract delivery driver during the period from about March 27, 2022, through May 8, 2023.

24. Plaintiff's primary duties were to provide services transporting pharmacological products from compounding pharmacies to distributors and other senior care and medical care provider customers who ordered such products from Defendants.

25. Defendants directly hired Plaintiff, controlled her work schedules, duties, protocols, applications, assignments, and employment conditions, and kept at least some records regarding her employment.

26. Defendants further provided the specific directions that Plaintiff was to follow in the performance of her job duties for Defendants.

27. The Defendants have uniformly classified Plaintiff and the putative collective and class members as independent contractors.

28. Defendants improperly classified Plaintiff and Plaintiff Class Members as an independent contractor and did not pay them minimum wage for all hours worked and overtime for all hours in excess of forty (40) in a given workweek in direct violation of the FLSA.

29. Plaintiff's work followed the usual path of employer-employee relationships; Defendants treated Plaintiff as independent contractors only for tax purposes and for the benefit and convenience of the Defendants.

30. The delivery of the pharmaceutical products is a critical and integral part of Defendants' businesses, and, the delivery of pharmaceutical products to Defendants' customers is therefore closely controlled and monitored by the Defendants

31.     Defendants, at all times relevant hereto, knew that Plaintiff was acting as an employee rather than as independent contractors, and treated Plaintiff's as employees for all purposes except the manner in which Plaintiffs' were compensated.

32.     At all material times, Defendants directed the way Plaintiff must perform these deliveries, consistent with Defendants' business interests, standards, and regulations. Plaintiff's services were fully integrated into Defendants' Texas pharmaceutical delivery business.

33.     Plaintiff and the Delivery Drivers recruited by Defendants' work (or worked) out of Defendants' multiple Texas distribution centers/pharmacy locations. Each day, Delivery Drivers arrive to a specific distribution center and/or pharmacy to pick up pharmaceutical products from Defendants to deliver to facilities pursuant to Defendants' obligations to its customers.

34.     Pursuant to the Defendants' schedules and business needs, Plaintiff worked a minimum of six (6) days per week. Plaintiff typically worked a minimum of forty-five (45) hours per week, but often more than fifty (50) hours per week.

35.     Plaintiff and the putative collective members are assigned a general weekly route, directing drivers to make standard pharmaceutical deliveries to Defendants' clients, and are also assigned additional "stat" work on an ad hoc basis, requiring Delivery Drivers to work in excess of their typical schedules.

36.     Defendants' managers, supervisors, and other agents are engaged in monitoring Plaintiff's and the putative collective members' work and providing instructions directly or indirectly to further Defendants' business interests and promote compliance with its policies.

37.     For example, to make the deliveries for Defendants each day Plaintiff was required to wait for Defendant's pharmacy to release tote packages of pharmaceutical products. Totes are packed with sealed medical supplies and numerous documents containing Defendants' letterhead. These documents indicated the specific deliveries that Plaintiff was required to make. Moreover, Defendants' totes also contained packing slip receipts that Plaintiff was required to get signed by Defendants' customers on the receiving end of each delivery. Additionally, Defendants required Plaintiff sign these packing slip receipts and return them to Defendants with the empty M Chest tote at the end of each day.

38. In addition to maintaining and submitting paper records, Plaintiff was also required to maintain an electronic application on her phone for the purpose of taking pictures of the receipts so that Defendants could monitor the delivery work assigned to Plaintiff in real-time.

39. The work of Plaintiff and the putative collective members mainly consisted of picking up products from Defendants (including time spent waiting for a prescription to be ready) and driving vehicles to Defendants' customers and clients pursuant to routes and schedules mandated by Defendants, delivering Defendants' products to these senior and other medical facilities, waiting at facilities for receipt of the delivery, and documenting the pharmaceutical delivery via a mandated electronic application that allows Defendants to track Delivery Drivers' work.

40. Defendants did not pay Plaintiff on a salary basis but were rather paid a lump sum depending on the delivery, if at all.

41. Plaintiff did not financially invest in Defendants' businesses.

42. Plaintiff did not share in Defendants' profits or losses.

43. Defendants, not Plaintiff, set prices for services for Defendants' customers.

44. Defendants determined Plaintiff's pay scale for services without input from or negotiation with Plaintiffs.

45. Defendants, not Plaintiff, decided whether and how many other laborers and other workers to hire.

46. Plaintiff was hired to work for Defendants for a continuous and ongoing period of time.

47. Plaintiffs did not have any control of or authority over any employee's rate of pay or specific working hours.

48. Defendants set policies and rules which Plaintiff was required to follow and specifically directed the times Plaintiff was to work and the specific routes she was to drive.

49. Defendants made decisions on advertising Defendant's business without input from Plaintiff.

50. Plaintiff regularly worked hours over 40 per week.

51. Defendants failed to pay Plaintiff for all the hours that she actually worked.

52. At all relevant times herein, Defendants have deprived Plaintiff of proper minimum wage for all hours worked and proper overtime compensation for all of the hours worked over forty per week.

53. Defendants knew or should have known that Plaintiff was working hours which went unrecorded and uncompensated.

54. Plaintiff and the putative collective members are not customarily engaged in an independently established trade, occupation, profession, or business of the same nature as the services they provide to Defendants. Based on all the hours that Defendants required Plaintiff (and requires other drivers) to spend making deliveries and servicing their customers and clients, there was little or no time left for Plaintiff to make deliveries for any other company besides Defendants. As a result, Delivery Drivers are economically dependent on Defendants.

55. Defendants knew, or showed reckless disregard for whether, and the way they classified and paid Plaintiff and their actions in violation of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

56. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

57. Plaintiff brings this action individually and on behalf of all other individuals similarly situated pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals were employed by Defendants within the meaning of the FLSA, as Laborers. The proposed collective is defined as follows:

> All persons who worked for Defendants and were deemed independent contractors for the purpose of providing delivery driver services and in other positions with similar job titles and/or duties at any time within three years prior to the commencement of this action ("Collective"), and who were not paid all wages earned for hours worked.

58. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b) and their consent forms are attached as Exhibit A.

59. As this case proceeds, it is expected that additional individuals will file consent forms and join as opt-in plaintiffs.

60. Defendants' failure to pay Plaintiff and the Collective members the minimum wage and overtime premiums results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of individual Plaintiffs or Collective members.

61. Plaintiff estimates the size of the Collective to be at least ten. The precise size of the Collective can be ascertained from records of the Defendants.

62. Defendants failed to pay the Plaintiff and the Collective the minimum wage and overtime premiums.

63. Defendants' conduct was widespread, repetitious, and consistent.

64. Defendants' conduct was willful and in bad faith.

## CLASS ACTION ALLEGATIONS

65. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

66. Plaintiff brings her claims under the Texas wage and hour laws as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals who are current and former employees of Defendants since October, 2020.

67. The proposed Rule 23 Class is defined as:

> All persons who worked for Defendants and were deemed independent contractors for the purpose of providing delivery driver services or in such other positions with similar job titles and/or duties at any time within the three-year period prior to the commencement of this action (the "Class").

68. The individuals in the proposed Class are so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, upon information and belief, Defendant has employed at least 10 individuals as independently contracted drivers during the class period.

69. There are questions of law and fact common to the proposed Class, including but not limited to:

(a) Whether Defendants failed and/or refused to pay minimum wages to the proposed Class for all hours worked.

(b) Whether Defendants failed and/or refused to compensate the proposed Class for the business expenses incurred by them in the performance of their duties as directed by the Defendants.

(c) Whether these failures or refusals violated Texas Labor Code §62.051.

(d) Whether these actions violated the Texas Labor Code.

(e) How to measure damages sustained by the members of the proposed Class

70. Plaintiffs' claims are typical of those of the proposed Class.

71. Plaintiffs will fairly and adequately represent the interests of the Class and have retained counsel highly experienced in wage and hour and class action litigation.

72. The questions of law and fact common to the Class predominate over any questions solely affecting individual members of the proposed Class.

73. A class action is superior to other methods for fairly and efficiently adjudicating this dispute.

## COUNT I
### Violation of the FLSA – Minimum Wage

74. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

75. To date, Defendants have not paid the Plaintiff and those similarly situated, the FLSA minimum wage within the period between at least October 26, 2020, and the present.

76. During workweeks within the period between October 26, 2020, and the present, Defendants paid Plaintiff and those similarly situated, less than the minimum hourly wage per hour as required under 29 U.S.C. § 206(a)(1) because Defendants would require Plaintiff to drive significant distances and failed to pay the Plaintiff and those similarly situated for all hours required of them to perform the duties directed by Defendants.

77. Defendants acted willfully or with reckless disregard as to their obligation to pay workers a minimum hourly wage, and, accordingly, the violation was willful for purposes of the Fair Labor Standards Act, 29 U.S.C. §§ 255(a) and 260.

78. As a result of Defendants' unlawful conduct, Plaintiff has incurred loss of wages in an amount to be determined at trial, along with liquidated damages, attorney's fees, and costs of litigation.

## COUNT II

### Violation of Texas Labor Code Section 62.051 – Minimum Wage

79. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

80. During workweeks within the period between March, 2022, and the present, Defendants paid Plaintiff and those similarly situated, less than the applicable minimum hourly wage under Texas Labor Code Section 62.051.

81. Specifically, Defendants would require Plaintiff to drive specific routes of significant distances and failed to compensate the Plaintiff and others similarly situated, for all the time required to perform the delivery services directed by Defendants.

82. Defendants' failure to pay Plaintiffs and those similarly situated the minimum hourly wage for each hour worked violates Texas Labor Code Section 62.051.

83. As a result of Defendants' unlawful conduct, Plaintiffs have incurred a loss of wages in an amount to be determined at trial, along with liquidated damages, attorney's fees, and costs of litigation per Texas Labor Code Section 62.201

## COUNT III

### VIOLATION OF THE FLSA - OVERTIME

84. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

85. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. S 201, *et. seq*.

86. At all relevant times, Defendants have been, and continued to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. S 203.

87. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 unless an employee meets certain exemption requirements of 29 U.S.C. S 213 and all accompanying DOL regulations.

88. Defendants misclassified Plaintiff as an independent contractor in an attempt to exempt her from the requirements of the FLSA.

89. Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendants failed to pay Plaintiff 1.5x her regular rate for all hours worked in excess of 40 per week.

90. Defendants further failed to pay Plaintiff a sufficient minimum wage for all hours worked.

91. Defendants knew or should have known that their actions violated the FLSA.

92. Defendants' conduct and practices, as described above, were willful.

93. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and those similarly situated for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

94. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. S 216(b).

95. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Tamara Wells, on behalf of herself and all other similarly situated employees respectfully pray that Defendants be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Issue an order requiring Defendants to identify all persons who were wrongfully classified as independent contractors since October 26, 2020;

B. Issue an order permitting this matter to proceed as a collective action;

C. Order prompt notice, pursuant to 29 U.S.C. §216(b) to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

D. Issue an order certifying the case a Rule 23 Class action;

E. Enter a declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and the Texas Labor Code, and its related regulations;

F. Award Plaintiff and Class Members judgment for damages suffered equal to all unpaid wages including both minimum wage for all hours worked and overtime premiums for all weeks where Plaintiff worked in excess of 40 hours, under the FLSA and its related regulations;

G. Award Plaintiff and Class Members judgment for liquidated damages owed pursuant to the FLSA and the Texas Labor Code, and its related regulations;

H. Award Plaintiff and Class Members judgment for liquidated damages owed pursuant to the Texas Labor Code;

I. An order directing Defendants to pay Plaintiff and Class Members interest, all reasonable attorney's fee and all costs connected with this action; and

J. Such other and further relief as this Court may deem just and proper.

K. Plaintiff hereby demands a trial by jury.

/s/ Mark D Downey

Mark D. Downey, *attorney in charge*
Texas Bar No. 00793637
4516 Lovers Lane, #204
Dallas, Texas 75225
Phone: 214-764-7279
mdowney@dlawgrp.com

**ATTORNEY FOR PLAINTIFF
TAMARA WELLS AND ALL SIMILARLY SITUATED EMPLOYEES**